UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERNANDO ERIK LUGO,<br><br>        Plaintiff,<br><br>  vs.<br><br>TRAVIS MOORE (OWNER),<br>UNLIMITED BAIL BONDS OF RENO, NV,<br><br>        Defendant. | 3:17-cv-00394-RCJ-WGC<br><br>**REPORT & RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 4) and pro se Complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:

> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months is $23.89, and his average monthly deposits are $80.50.

Plaintiff's application to proceed IFP should be granted. He should be required to pay an initial partial filing fee in the amount of $16.10 (20 percent of $80.50). Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fees are paid.

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this Complaint against Travis Moore, whom Plaintiff alleges is the owner of Travis Moore Unlimited Bail Bonds, located in Reno, Nevada. (ECF No. 1-1 at 2.) He alleges that he was bailed out on a $25,000 bond on July 27, 2016, and a new charge was added and he was booked with another bail. (*Id.*) He says that his friend contacted Mr. Moore to go ahead with the transaction, and Mr. Moore told his friend, as well as others, that Plaintiff had beaten up an elderly person, knowing that was false. (*Id.*) He alleges this was slanderous, and he knew it would cause damage to his reputation and to his relationships. (*Id.*) He appears to allege that Mr. Moore then failed to go through with the signed bail contract. (*Id.*) He claims that Moore is directly responsible for his current prison term. (*Id.*) He contends that Moore violated his First Amendment rights by failing to honor the bail contract and turning his contacts against him with the fabricated statement. (*Id.* at 3.) He also alleges a violation of his due process rights when Moore ignored the court's order to reinstate his bond. (*Id.* at 4.) Finally, he claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated. (*Id.* at 4.)

**C. Analysis**

Plaintiff claims that this action arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and that the court has jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1-1 at 1.)

*Bivens* "established that compensable injury to a constitutionally protected interest [by federal officials] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts[.]" *Butz v. Economou*, 438 U.S. 478, 486 (1978). Plaintiff has not sued a federal official here, but a private individual; therefore, he does not properly assert a *Bivens* action.

Nor does Plaintiff state any claim under 42 U.S.C. § 1983, which requires a defendant acting under the color of state law, and Mr. Moore is a private individual. *See* 42 U.S.C. § 1983; *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties are not acting under color of state law).

Instead, Plaintiff's allegations sound in state law, and the federal court lacks jurisdiction over this matter. As a result, Plaintiff's action should be dismissed.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 4); however, Plaintiff should be required to pay an initial partial filing fee in the amount of $16.10. Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fee is paid.

(2) The Complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED.**

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

///
///
///
///

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: August 2, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE